# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TAFOLLA, | Case No. CV 13-558 DDP (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| WARDEN, | |
| Respondent. | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses this action without prejudice.

Gustavo Tafolla is an inmate at High Desert State Prison. Mr. Tafolla filed a habeas petition with the Court to challenge his state criminal conviction. However, his filing fails to provide any information about his conviction or the issues he wishes to present for federal court review. His filing is obviously deficient, so his action must be dismissed without prejudice.

\* \* \*

According to Mr. Tafolla's form filing, he is serving a prison term of 25 years to life based on a conviction for an unknown offense. He contends that he sought appellate review of his conviction in state court. However, the petition contains no information – case number, date of decision, or issues presented – regarding any of those proceedings. Moreover, the sections in which Mr. Tafolla was required to explain the nature of his federal constitutional claims and the efforts he made to exhaust them in state court are simply left blank. (Docket # 1 at 6-12.)

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts states that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." In the present case, the Court has no information about how Petitioner intends to proceed in this federal habeas action. The Court therefore cannot determine whether: Petitioner properly presented his claims for adjudication in state court; timely filed his action in this Court under AEDPA; or properly stated a federal constitutional claim upon which relief may be granted. In addition, the obvious deficiencies with Petitioner's filing will prevent the state attorney general from properly litigating the case in any way.

Petitioner may be entitled to federal habeas review of his criminal conviction. However, to receive such review, he must comply with the basic filing rules that apply to all pro se litigants in criminal, civil, or habeas actions in this Court. In the absence of a habeas petition that provides any information about

Mr. Tafolla's conviction or federal claims, the action must be and hereby is DISMISSED without prejudice to refiling a proper habeas petition in the future.[1]

IT IS SO ORDERED.

DATED: February 20, 2013

_____
HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner also filed a motion for appointment of counsel. (Docket # 3.) There is no right to appointed counsel in habeas proceedings filed in federal court. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). To qualify for a discretionary appointment of an attorney, a prisoner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.3d 1191, 1196 (9th Cir. 1986). Petitioner provided no information in his form motion for a lawyer about his personal circumstances or claims. In addition, he appended a short statement in Spanish without an English translation. Based on the inadequate motion and the dismissal of his underlying petition, the appointment motion also must be denied without prejudice.